# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HUMBERTO ACEVEDO REYES, | Case No. 2:25-cv-02206-RFB-NJK |
| Petitioner, | **ORDER** |
| v. | |
| BRIAN HENKEY, *et al.*, | |
| Respondents. | |

Petitioner Humberto Acevedo Reyes, immigration detainee, has filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) challenging his continued detention at Washoe County Jail in the custody of Federal Respondents. The Court has reviewed the Petition and preliminarily believes Petitioner likely can demonstrate that his circumstances warrant the same relief as this Court ordered for Petitioners Mena-Vargas and Reyes-Lopez in Escobar Salgado v. Mattos, No. 2:25-CV-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025).

Thus, Respondents are **ORDERED TO SHOW CAUSE** why the Writ should not be granted. See 28 U.S.C. § 2243. Respondents shall file, in writing, **"a return certifying the true cause of detention"** on or before **November 24, 2025.** Id. Petitioner may file a traverse on or before **December 1, 2025**.

**IT IS FURTHER ORDERED** that the parties shall indicate in their briefing whether they request oral argument or an evidentiary hearing on the Petition. The Court would be amenable to ruling on the papers if the parties indicate that they are willing to waive a hearing. If Respondents have no new arguments to offer that have not already been addressed by the Court, they may so indicate by reference to their previous briefing, while reserving appellate rights. Respondents

should file the referenced briefing as an attachment for Petitioner's counsel's review.

Additionally, this court finds Petitioner has established a *prima facie* case for relief and that ordering Respondents to produce documents reflecting the basis for their detention of Petitioner is necessary for the Court to "dispose of the matter as law and justice require." See Harris v. Nelson, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'") (citing 28 U.S.C. § 2243). Therefore, **IT IS FURTHER ORDERED** that Respondents must file with their Return any documents referenced or relied upon in their responsive pleading. If Respondents' asserted basis for detention is reflected in any documents in their possession, including, but not limited to, an arrest warrant, Notice to Appear, Form-286, and/or Form I-213 relevant to Petitioner's arrest, detention, and removal proceedings, Respondents must so indicate, and file said documents with their pleading. Respondents are granted leave to file any documents containing sensitive personal identifying information or law enforcement sensitive information with redactions or under seal, in accordance with Local Rule IA 10-5. If no such documents exist to support the asserted basis for detention, Respondents must indicate that in their return.

**IT IS FURTHER ORDERED** that the parties shall file any exhibits in accordance with Local Rule LR IA 10-3.

**IT IS FURTHER ORDERED** that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any request for extension must be filed as soon as possible. Any motion or stipulation for an extension must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

**IT IS FURTHER ORDERED** that Respondents shall not transfer Petitioner out of this District. See F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (noting the court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to

1  protect its own jurisdiction"). Given the exigent circumstances, the Court finds that this order is
2  warranted to maintain the *status quo* pending resolution on the merits and finds that Petitioner has
3  satisfied the factors governing the issuance of such preliminary relief.
4       **DATED:** November 20, 2025.

                                                                                               _____
                                                                                               **RICHARD F. BOULWARE, II**
                                                                                               **UNITED STATES DISTRICT JUDGE**